# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jaime Hernandez d/b/a Aztec Trucking Inc;
Peter Nelson d/b/a Nelson Trucking; Robert
Sanderson d/b/a Sanderson Trucking; Lonnie
Shaw d/b/a Texis Trucking, Inc; James Willian
Hto J.J. Waste Parts Sales, Inc
John Howell d/b/a Howell Trucking (limited)
Clemon Lacy d/b/a Lacy Enterprises
**Plaintiff(s)**
v.

City of Chicago, Tom Kress, Paul Volpe
(fmr Hired Truck Program Director)   fmr Budget Director (City
Mayor Richard M.
Daley
**Defendant(s)**

No. **07 CH 26147**

Contract 6158, 6200, 6205, 6801; 6157, 6286

Amount Claimed $ 40,000,000

Return Date

## COMPLAINT

**The Plaintiff(s) claim(s) as follows:** We were participants in the City of Chicago's Hired Truck Program when the city of Chicago broke our contracts by firing us and ending the program. The city claimed that they could save millions by ending the Hired Truck Program and lease tractors and trailers from companies such as Wil Rent and S.E.S. A meeting with officials from the Hired Truck Program was held, in which we proposed several ideas to them; that if they kept us on, that it would be at a savings to taxpayers, instead of their idea of leasing the equipment, which does not save because the city is paying them twice as much. Some of the ideas that we proposed were: to become union; a small rate increase of $5.00 to offset the high cost of liability insurance ($2 million); and faster payment for work that had already been completed. (On one occasion we waited one year for a payment). Everything that we asked for was not unreasonable, despite working since 1999 for the same rates, we were turned down. The city required us to recertify, and to pay a $250 re-certification fee. It was not time to re-certify yet. The city also required gas on our trucks and a mandatory recertification of our equipment. Keeping drivers was virtually impossible as the city played around with our money and also with the work they gave us, some companies that were in the program were in so much debt that some went bankrupt. Inspectors were sent to our business, our trucks were followed, we were disarming fees by the city of Chicago with grounds that at the time the city fired us, there were mostly minority companies left this all had to do with clout and corruption, those who have clout and participate in corruption are still working for the city of Chicago in one form or another.

I, **Jaime Hernandez** , certify that I am the _____
(Name)                                                     (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: **Pro Se 99500**   **Pro Se  99500**

**Atty. (or Pro Se Plaintiff)**

Name: **Jaime Hernandez**

Address: **318 Saginaw**

City/State/Zip: **Calumet City IL 60409**

Telephone: **(312) 215-5990**

Dated: _____, _____

Signature _____

☐ **Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.**

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE

# EXHIBIT B

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, _Chancery_ DIVISION**

(Name all parties)

Jaime Hernandez d/b/a Aztec Trucking Inc; Peter Nelson d/b/a Nelson Trucking; Robert Sanderson d/b/a Sanderson Trucking; Connie Shaw d/b/a Texis Trucking, Inc; James Williams d/b/a J Tewart o Parts and Sales; John Howell d/b/a Howell Trucking Limited; Clemon Lacy d/b/a Lacy Enterprises

v.

City of Chicago

No. 7 CH 26147

2007 SEP 26 AM 9:24 RECEIVED CITY CLERKS OFFICE

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: Pro Se 99500
Name: Jaime Hernandez
Atty. for: _____
Address: 878 Saginaw
City/State/Zip: Calumet City, IL 60409
Telephone: (312) 215-5980

WITNESS, SEP 19 2007

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
ORIGINAL - COURT FILE

| | |
|---|---|
| 2120 - Served | 2121  Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

**(Name all parties)**
Jaime Hernandez d/b/a Aztec Trucking Inc; Aztec d/b/a
d/b/a nelson Trucking; Robert Sanderson d/b/a Sanderson
Trucking; Connie Shaw d/b/a Texis Trucking, Inc; James
williams d/b/a Jt want o Parts and Sales; John Howell
d/b/a Howell Trucking Limited

v.

Mayor Richard M-Daley

**07CH26147**

No. _____

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: *Pro Se*

WITNESS, **SEP 19 2007**
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Name: Jaime Hernandez

Atty. for: _____

Address: 318 Saginaw

_____
**Clerk of Court**

City/State/Zip: Calumet City IL 60409

Telephone: (3) 215-5990

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORIGINAL - COURT FILE**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _Chancery_ DIVISION

**(Name all parties)**

Jaime Hernandez d/b/a Aztec Trucking Inc; Aztec Nelson
d/b/a Nelson Trucking; Robert Sanderson d/b/a Sanderson
Trucking; Connie Shaw d/b/a Texls Trucking Inc; James
Williams d/b/a Stewarts Parts and sales; John Howell
d/b/a Howell Trucking Limited, Clemon Edey d/b/a
                v.   Edey Enterprises

_Paul Volpe, Fmr Budget Director City of_
_Chicago_

No. **07CH26147**

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐  Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐  **District 2 - Skokie**
    5600 Old Orchard Rd.
    Skokie, IL 60077

☐  **District 3 - Rolling Meadows**
    2121 Euclid
    Rolling Meadows, IL 60008

☐  **District 4 - Maywood**
    1500 Maybrook Ave.
    Maywood, IL 60153

☐  **District 5 - Bridgeview**
    10220 S. 76th Ave.
    Bridgeview, IL 60455

☐  **District 6 - Markham**
    16501 S. Kedzie Pkwy.
    Markham, IL 60426

☐  **Child Support**
    28 North Clark St., Room 200
    Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No. _Pro Se 99500_

Name: _Jaime Hernandez_

Atty. for: _____

Address: _318 Saginaw_

City/State/Zip: _Calumet City IL 60409_

Telephone: _(312) 215-5990_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

SEP 19 2007

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORIGINAL - COURT FILE**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _Chancery_ DIVISION

(Name all parties)

Jaime Hernandez d/b/a, Aztec Trucking Int'l Peter
Nelson d/b/a Nelson Trucking, Robert Sanders and d/b/a
Sanders Trucking, Annie Shaw d/b/a Shaw Trucking,
James Williams d/b/a JW auto Parts and Sales;
John Hosell d/b/a Hosell Trucking, Limited, demain
Lacy d/b/a Lacy, Enterprises

Tom Kness, Fine Director of Hired
Truck Program - City of Chicago
City Hall
Office of Budget Mgt.
121 N. LaSalle
Chicago, IL 60602

No. _CASHIER MAILED 47_

000121-1.1.1  09/19/07  11:41
REF CASE      # 07CH026147
  1. CHANCERY         50.00
  1 MILEAGE           10.00
REF SHERIFF # 036499
CASE TOTAL           60.00  ¤

**SUMMONS**

**To each Defendant:**

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ☐  Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐  **District 2 - Skokie** | ☐  **District 3 - Rolling Meadows** | ☐  **District 4 - Maywood** |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL  60077 | Rolling Meadows, IL  60008 | Maywood, IL  60153 |
| ☐  **District 5 - Bridgeview** | ☐  **District 6 - Markham** | ☐  **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL  60455 | Markham, IL  60426 | Chicago, Illinois  60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _Pro Se 99500_

Name: _Jaime Hernandez_

Atty. for: _____

Address: _318 Saginaw_

City/State/Zip: _Calumet City, IL 60409_

Telephone: _(312) 215-5890_

WITNESS, _____

SEP 19 2007

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT COOK COUNTY, ILLINOIS**

# EXHIBIT C

FILED

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, CHICAGO, ILLINOIS

J.N

JAN X 3 2008
Jan 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

John Howell d/b/a Howell Trucking, Ltd.,   |
                                et. al, |

    PLAINTIFF,                 | No. _____

v.                             |

                               |
City of Chicago, Tom Kness, et. al,     | JL    08cv53
    RESPONDENT(s).              |    Judge GOTTSCHALL
                               |    Mag. Judge NOLAN
                               | M

### AND AS CONCURRENTLY FILED WITH RECIPROCAL JURISDICTION;

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JOHN HOWELL d/b/a HOWELL TRUCKING, LTD., et al.,   )   #07 CH 26147
                Plaintiff (s),             )
                                     )   Judge Leroy K. Martin
CITY OF CHICAGO, TOM KNESS, et al.         )
                Respondent (s).         )

### REMOVAL MOTION WITH REQUESTED ORDER

COMES NOW, JOHN HOWELL d/b/a HOWELL TRUCKING, LTD., Pro Se Petitioner, in the above captioned matter in the Circuit Court of Cook County, Illinois, Chicago, Illinois, the Court of Initial Jurisdiction, and in the United States District Court for Northern District of Illinois, Eastern Division, Chicago, Illinois, The Court of Original Jurisdiction, wherein this Plaintiff is also proceeding Pro Se, and invokes the concurrent and reciprocal jurisdictional statutes and rules of both Courts rules on this Plaintiff's **"Answer to Respondent's Motion to Dismiss with Supporting Affidavit Incorporated"** pursuant to both Courts' laws, rules, regulations and case law precedents, as plead, argued and stated therein, and as herewith combined, incorporated and attached hereto, as part of this instant removal motion; and that, this Plaintiff moves the U.S District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the higher Court, to effectuate removal of this matter on the day, at the moment, and instantur, when the lower Court enters judgment of this matter pursuant to both Federal law and Illinois law; and further, Petitioner Howell moves the higher Court to determine, adjudge, and ratify and affirm the lower Court's order upon a finding the lower Court's ruling is in accord with Federal law rule and regulation; or not; and herewith incorporates into this instant motion, as an affidavit in support, the following statements;

In support of this motion affiant and Plaintiff states;

1. On 12/3/07, the lower Court entered a briefing schedule order requiring this Plaintiff to answer the Respondent(s) "Motion to Dismiss" on or before 12/24/07.

2. In said order of 12/3/07, the lower court impartially, correctly and in accord with all judicial canons, acknowledged and impartially advised all parties, of all parties right, with the Courts

1

authority, to invoke and incorporate concurrent reciprocal jurisdictional statues, by requiring Respondents to include all Federal and Non-Illinois cases in their response to this Plaintiff's answer. (Order #4 of the referenced order.)

3. The lower Court, in the referenced order, required this Plaintiff to file answer on/or before 12/24/07. (#2 In the Order of 12/3/07.)

 A. By reference, attachment, combination, inclusion and notice, this Plaintiff has acted in all good faith compliance with the lower Courts order of 12/3/07.

 B. If Respondents and/or Respondents attorneys claim this removal motion, or any filed attachments are supplemental briefs, Plaintiff references #4 of the 12/3/07 Order.

4. Respondents have filed a constructive plea of No Contest, that by law and rule of law, both Courts must accept.

5. Plaintiff moves both Courts to limit Respondents response, due in the Circuit Court of Cook County, Illinois, that justify and authorize, by statute, rule of law, regulation and case law precedent, both Courts not being required to accept Respondents' plea of No Contest.

 A. Illinois and Federal law that permits the arguing law and facts in a dismissal motion.

 B. Law and case law precedent that permits and authorizes the Respondents denial of the supremacy clause of all Federal law, and the United States Constitution.

 C. After Respondents have insistently used "Ignorance of the law" as a defense, as to rule of law and/or case law precedent permits, allows or authorizes both Courts not accepting a plea of No Contest.

i. Any denial or claims by Respondents of not understanding the impartial order of the Circuit Court, 12/3/07, is face value and supporting evidence of Respondents' insistent entry of an ignorance of the law defense.

6. At hearing January 11, 2008 at 9:30 am, Judge Leroy K. Martin, Jr., by law and order of his Court may enter judgment against all Defendants.

 A. By law and rule of law, he may defer judgment and/or enter judgment on February 10, 2008, or as the Court calendar may allow.

 B. This **Removal Motion** should become effective thereon and/or thereat.

7. Plaintiff moves the United States District Court to effectuate removal of these matters thereat and/or thereon, instantur.

 A. By construction of both Courts rules and regulations and law, the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, should rule on these matters within 30-60 days of the Circuit Court's final order, pursuant to concurrent reciprocal jurisdiction statutes, Illinois law and Federal law.

 B. It is lawful and authorized for the higher Court to assign this matter to a magistrate judge, that Respondents by action and rule of law have agreed to; and Plaintiff herewith agrees to.

8. Plaintiff moves both Courts to consider all federal laws but not limited to; the Constitution of the United States of America, 1st Amendment, 14th Amendment, the Supremacy Clause, Contract Clause; "The De-Regulation Act of 1995" including "Transportation Tariff of 1995" in perpetuity; The Uniform Commercial Drivers License Act of 1986; "Corpus Juris Secondum" all case law precedent regarding "bad faith non-compliance and bad faith special additional billing"; the Anti-Governmental Waste, Fraud, Abuse, and Whistleblowers Protection Act; the Rico Act, civil provisions only; the Civil Rights Act of 1964, "the Anti-Nuremburg Trials Defense Act", as

referenced and attached thereto; the Inspector General's Act of 1978; the Federal rules of Civil Procedure.

9. Plaintiff moves both Courts to consider all Illinois laws but not limited to the Constitution of the State of Illinois; Illinois Revised Statutes as abridged in ILCS; The Illinois Anti-Racketeering Act, civil provisions only; trust law; escrow rules and law; **"The Illinois Corporate Accountability Act," (Ref. Plaintiffs answer Par. 1 sub. D, pg. 2; Par. 2 Pg. 2; Par. 3 A-D, Pgs. 2 & 3; Par. 4 Pg. 3, Par. 5 Pgs. 3 & 4, Par. 14-24 Pgs. 6 & 7;);** tort law and precedent; Illinois rule and procedure Illinois Code of Civil Procedure; Ref. contract and all Affirmative Action rules, regulations and MBE rules and regulations; Illinois Representatives Professional Code of Conduct; Assumed Name Act; and all laws as herewith incorporated, attached and cited in this Plaintiffs answer as noticed and filed on 12/24/07.

 Wherefore Plaintiff prays and seeks both Courts grant the following relief;

10. The Circuit Court of Cook County, Illinois adjudge, order and decree, in accord with Illinois and Federal law, that Respondents have constructively entered a "No Contest" Plea, thereby waiving all appeal rights, further arguments of law and fact, waiving any continuance, withdrawal or amendment of issues, and enter judgment against the Respondents and in favor of this Plaintiff for all relief sought and amounts sought, subject only to the ratification of this judgment and the lower Courts orders being ratified by the US District Court.

11. Plaintiff moves the higher Court, in this matter, to remove instantur, Plaintiff action upon entry of judgment and ratify said judgment by a Federal Courts judicial determination, within 30 days of removal and order and decree all judgments, if any, against the Defendants due Plaintiff are payable 30-60 days after ratification.

12. For such other relief both Courts may determine are in the best interest of the furtherance of truth, justice and liberty for all, as a matter of law and equity.


The Plaintiff, movant and affiant herein, not sayeth further.

Certified and sworn and to be true,

_____

Pro Se Plaintiff John Howell d/b/a Howell Trucking, Ltd.
8027 S. Yates        P.O Box 1294
Chicago, IL 60626    Frankfort, IL 60423
(708) 296-3459

FILED -2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION 21 PM 3: 02

John Howell d/b/a Howell Trucking, LTD

JAIME HERNANDEZ, d/b/a AZTEC TRUCKING INC., et al.,   ) 2007 CH 26149 OK
            Plaintiff (s),                            ) CHANCERY DIV.
                                                      )
    v.                                                ) Judge Leroy K. Martin
CITY OF CHICAGO, TOM KNESS, et al.                    ) DOROTHY BROWN
            Respondent (s).                           )

## NOTICE OF FILINGS ANSWER & MOTIONS

To: The City of Chicago       Tom Kness       Paul Volpe      Mayor Richard M. Daley
    City of Chicago Department of Law
    30 North LaSalle St., Suite 1230    Attorneys of Record
    Chicago, IL 60602

From: John Howell d/b/a Howell Trucking Limited   Pro Se   Plaintiff
    P.O Box 1294        8027 S. Yates
    Frankfort, IL 60423   Chicago, IL 60626

**PLEASE TAKE NOTICE** on January 11, 2008 at 9:30 am, in Room 2008 of the Richard J.

Daley Center, 50 W. Washington, Chicago, IL 60602, before Judge Leroy K. Martin, Jr., or any

judge sitting in his stead, the following undersigned Pro Se Plaintiff, **John Howell**, will present and

seek justice and adjudication on the following filings:

1. **ANSWER TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING AFFIDAVIT INCORPORATED;**
2. **REMOVAL MOTION;**
**A. With requested order attached**
**B. To be concurrently filed in US District Court with Federal Notice**
3. **MOTION TO CONSOLIDATE CASES AND DETERMINATION OF CLASS ;**
**A. To be concurrently filed in US District Court with Federal Court.**
4. **DECLARATORY AFFIDAVIT OF MAYOR RICHARD M. DALEY, when and where judgment may be entered against you.**

Certified and sworn to be true,

John Howell

I the undersigned hereby certifies that notice and service has been completed to attorneys of record
and copy mailed on this day 12/24/07.

John Howell Pro Se

07 DEC 24 PM 3: 24
RECEIVED CORPORATION COUNSEL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JOHN HOWELL d/b/a HOWELL TRUCKING, LTD., et al.
      Plaintiff (s),

  v.

CITY OF CHICAGO, TOM KNESS, et al.
      Respondent (s).

Judge Leroy K. Martin



**ANSWER TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING AFFIDAVIT INCORPORATED**

      COMES NOW, Pro Se Plaintiff, JOHN HOWELL, as a person in his own right, and d/b/a HOWELL TRUCKING LTD., an Illinois corporation, of which Howell is an officer, and lawfully entitled to represent or defend in any legal action, absent being a licensed attorney, and that said corporation is registered with the United States Department of Transportation as a trucking company, subject to and entitled to benefits of terms and conditions contained in the "Federal Transportation Tariff of 1995," subject to contractual modification, and all good faith case law precedent requiring fair payment of transportation work performed by teamsters, draymen and bargemen, and, as herein stated, and plead in the original complaint, a signator of a trucking contract with the City Of Chicago, as vendor #_____, registered and approved by the City of Chicago, as an MBE in contract (P.O) number _____, entitled to certain work and rate percentage guarantees, by law and regulation afforded due process, and as a holder of a State of Illinois CDL#H840-4605-2460 pursuant to the "**Uniform Commercial Drivers License Act of 1986,**" granted direct access to The United States Court Of Appeals For The Seventh Circuit, Chicago, Illinois for all matters regarding his CDL and trucking issues, without requiring a licensed attorney to argue for, or represent him.

      Plaintiff Howell proceeds, invokes and incorporates into this answer, and into the original complaint, pursuant to all concurrent and reciprocal jurisdiction statutes of The Illinois Revised Statutes in construction with and combined with similar concurrent reciprocity of jurisdiction statutes pursuant to the United States Code, (Title 28 sec. 100, et seq.,) making The United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the court of original jurisdiction, and this court, the Circuit Court of Illinois, Chicago, Illinois, the court of initial jurisdiction, requiring this court to rule on this matter in accord with all Illinois law and statute and all applicable federal law and regulations pertinent to the herein referenced contract and MBE certification of the contractual parties with removal of this matter to federal court by removal motion of the plaintiff, Howell for ratification of this court's final order, and that, notwithstanding any law granting jurisdiction to the United States Court of Appeals, Seventh Circuit, Chicago, Illinois, appeal jurisdiction always goes to the higher courts, Court of Appeal pursuant to concurrent jurisdiction statutes, which in this case and matter before this court, is the United States Court of Appeals, for the Seventh Circuit, Chicago, Illinois, as the court with appellate jurisdiction.

      A. Attached is plaintiff's "**REMOVAL MOTION**" as Attachment A.

      Filed concurrently to be effective subsequent to this Court's entry of final order.

1. Plaintiff, John Howell d/b/a Howell Trucking, Ltd., as a City of Chicago certified MBE, was paid $50.17 per hour per truck for eight (8) trucks for eight (8) years, pursuant to the herein referenced contract number and vendor identification number, or as may be amended, argued, or negotiated.

      A. Pursuant to the referenced contract with MBE certification guarantees Plaintiff, Howell was to be paid 90% of the rate of the highest paid contractor in the City of Chicago Hired Truck Program, Marina Cartage, $250 per hour, as published in the local news media.

B. Contrary to the facts alleged, stated and argued in respondent's **"MOTION TO DISMISS"**, (Par. 18.B, et seq., ) all MBE certified vendors have a work guarantee, as specified in the contract, municipal code, Illinois Statue and Regulation and Federal law and regulations.

C. In a bad faith, willful and knowledgeable breach and noncompliance with the referenced contract and MBE certification, noncompliance with law, regulation and rules, the Respondents shorted or withheld payment of trucking work performed by Howell Trucking Ltd., by $175 per hour.

i. 8 trucks X $175/hr. X 45 hrs/wk. X 52/wks/yr X 8/yrs = $28,828,800.00

ii. Plaintiff, Howell herewith claims, as ACTUAL DAMAGES in bad faith non-payment of transportation contract between the parties being **$28,828,800.00 ACTUAL DAMAGES.**

D. Pursuant to federal statute, law, regulations, and case law precedent (ref. "Corpus Juris Secondum") a showing of bad faith by a transportation entity against a contracted consignee, shipper, or payor for services rendered requires a bad faith doubling of actual damages, **$57,657,600.00 ACTUAL DAMAGES.**

ALTERNATIVELY

Illinois Statute allows for a bad faith trebling of actual damages, **$86,972,800.00 ACTUAL DAMAGES.**

ALTERNATIVELY

This Court, at its discretion, as a matter of law, may treble the doubled amount of actual damages for **$172,972,800.00 ACTUAL DAMAGES.**

2. Pursuant to Illinois "Denial of Economic Opportunity Act", it is lawful for this Court to assess actual damages plus $500 per period against Respondent, the City of Chicago, this $500 is for each period that the City of Chicago shorted or withheld contracted payment to Plaintiff Howell.

A. There is no case law precedent for this Court to rely on as a judicial interpretation of this statute, wherefore Plaintiff, Howell Trucking, Ltd. moves this Court to establish case law precedent for the lawful determination of the $500 statutory/compensatory damages be applied at $500/hr/truck. **$74,880,000.00 STATUTORY/COMPENSATORY DAMAGES**

ALTERNATIVELY

Apply the $500 statutory/compensatory damages at $500/wk/truck. **$1,664,000.00 STATUTORY/COMPENSATORY DAMAGES.**

ALTERNATIVELY

As this Court may determine is in the interest and furtherance of law and equity and in accordance with Illinois legislative intent, instructions and action as pertinent and applicable by this statute.

B. The City of Chicago had a contracted duty and obligation to pay Plaintiff Howell at the contracted MBE rate, failed to do so and Plaintiff, subsequent to the bad faith rescission of contract and failure to pay monies, resulted in the denial of Howell expanding his business and/or the denial of the economic opportunity of enjoying the profits and fruits of his and his company's labor and profits as may have been invested.

3. John Howell d/b/a Howell Trucking, Ltd. is a direct contractor/vendor with The City of Chicago, paying all MBE vendors with monies from a variety of sources including, direct funding, block grants from combined state and federal sources and direct federal funding sources, all monies have certain percentages earmarked for MBE payment, including the Plaintiff.

A. The Respondent does not pay the MBE, this Plaintiff, the full amount of percentage monies contracted and earmarked for MBE payment, as required by law and regulation, but either keeps the money themselves, and/or, unlawfully diverts this MBE's portion to a third party, or parties unknown, and then made false claims to accounting authorities that all monies earmarked for MBEs, have been paid to MBEs, in order to receive continued MBE funding.

B. Plaintiff, Howell, herewith invokes, claims and proceeds with this action combined with the **"WHISTLEBLOWERS PROTECTION ACT"** granting a percentage of recovered and/or recoverable government funds to the whistleblower, this Plaintiff, in construction with the

**"INSPECTOR GENERAL'S ACT OF 1978,"** which provides a court authority to freeze or halt a governmental body or any governmental agents funding and actions in order to protect any single American citizen's rights, liberty or property, combined with provisions of **"THE RICO ACT"** and **"THE ILLINOIS ANTI-RACKETEERING ACT"**, that empowers this Court to issue orders to freeze, examine, seize, claim and/or assign to a private citizen, Plaintiff or Petitioner, (This Plaintiff) within the context of a civil action, this matter now before this court.

C. As a matter now, before this Court, Plaintiff, Howell, moves this Court to calculate the amount of recovered and/or recoverable governmental funds payable to Plaintiff as a **WHISTLEBLOWER"** benefit, from all sources, at twenty-one percent (21%), and/or in the amount and percentages, as this Court may determine is lawful and equitable.

D. Plaintiff claims, states, alleges, and asserts Respondent(s) Paul Volpe and Tom Kness, as part of an ongoing criminal enterprise prohibited by **"THE RICO ACT"** and the **"THE ILLINOIS ANTI-RACKETEERING ACT"** in construction with other laws and regulations herein invoked, and in the original complaint, have unlawfully used, diverted and commingled funds due to Plaintiff, Howell, as a result of Plaintiff's good faith compliance with a cartage contract and as a certified MBE, shorted the rate and that, Respondent(s) abused the governmental positional authority they held in the City of Chicago municipal government, to withhold payment due Howell for good faith trucking work performed in the unlawful enrichment of the City of Chicago, themselves, as persons in their own right, and/or third party, or parties, unknown.

4. Respondent(s), and possible third parties, abusing the governmental and positional authority over MBE funds, denied full contracted payment to Howell due to his race and/or ethnic origin, which that is the exact unlawful discriminatory practices the MBE program was created to remedy, and a willful malicious malfeasant/misfeasant violation of plaintiffs civil rights, by a government official, and contrary to Illinois law, and expressly prohibited by the **"The Civil Rights Act of 1964."**

A. Illinois Law limits compensatory damage claims for the malfeasant/misfeasant violation of a citizens civil rights by a governmental agent to $15,000.00 per count.

i. Plaintiff moves this Court to enter judgment against Respondents for a government official malfeasantly/misfeasantly violating Plaintiffs civil rights in the amount of $15,000.00 statutory compensatory damages.

ii. While Illinois law provides for $50,000.00 civil rights violation per count, in construction with the preceding and following subsections of this Plaintiffs instant answer, plaintiff moves this Court to enter an Illinois statutory judgment against defendants and in favor of plaintiff for the amount of **$50,000.00 compensatory/statutory damages**.

iii. On November 26, 2007, all Defendants filed a **Motion to Dismiss**, that this Court, and all Courts properly established in the judicial branch of government, under the authority of **"The Constitution of the United States of America"**, by law, views as being equivalent to a motion for summary judgment, and that, as a matter of law and fact, these defendants have concurrently filed, within the context of a motion for summary judgment, regardless of the number of counts of civil rights alleged, pursuant to USC Title 42 Sec. 2000; et. seq., a single $75,000.00 is specified, where Plaintiff moves this court, in accordance with Federal law, as this matter is filed pursuant to concurrent reciprocity jurisdiction to enter a judgment against Defendants in the amount of **$75,000.00 compensatory/statutory damages.**

5. Paul Volpe, as director of the Office of Budget and Management for the City of Chicago, and as a person in his own right; and Tom Kness as Director of the Hired Truck Program for the City of

Chicago, and as a person in his own right; abused their positions within the incorporated governmental unit known as "The City of Chicago"; did unlawfully, with bad faith knowledge and intent, secrete, obtain and/or divert to a third party or parties unknown, with the full bad faith knowledge, intent and knowledge with full cooperation of the third party and that parties accountants and lawyers, of the governmental monies due Plaintiff for good faith trucking/cartage work performed, and Volpe with Kness, commingled these governmental monies with city, personal and/or third party funds, and that, in additional bad faith breech of contract terms assigned Plaintiffs MBE guaranteed work percentage of work to other vendors, and/or denied payment and work as contracted between the parties.

    i. Volpe and Kness have acted interchangeably with each other in meetings, billing discussion and dispute, and MBE certification requirements with this Plaintiff, and both have co-operated together to abuse the positions they have within the City of Chicago and the contract between the parties.

    ii. Paul Volpe, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    iii. Tom Kness, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    A. Pursuant to Illinois law, fair business practices, escrow and trust law, a person that abuses his/her position to deny money or opportunity to earn monies, as Volpe and Kness have their positions, is liable for a $5,000.00 judgment, per act or period, to a maximum of $50,000.00.

    i. Plaintiff moves this Court to enter judgment against Paul Volpe in the amount of **$50,000.00 compensatory/statutory damages.**
    ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    ii. Plaintiff moves this Court to enter judgment against Tom Kness in the amount **$50,000.00 compensatory/statutory damages.**
    ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    iii. Plaintiff moves this Court to enter a "John Doe" judgment against third party participants with Kness and Volpe in the amount of **$50,000.00 compensatory/statutory damages per party**
    ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages per each accountant, attorney and each third party.**

    iv. Plaintiff moves this Court to enter a judgment against all accountants and attorneys for the "John Doe" third party and specialty insurance carriers in the amount of **$50,000.00 compensatory/statutory damages.**
    ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    B. If Kness, Volpe, unknown third parties, and accountants and attorneys thereof claim they were merely following orders of clients or superiors, Plaintiff Howell herewith invokes and claims such statement is a violation of "**The Anti Nuremberg Trials Defense Act**", which would entitle Plaintiff to an additional $75,000.00, but reference (par. 4, sub. A, item iii, Pg. 3) herein.

    i. Any such claims by any defendants known or unknown, as a matter of law is an admission of guilt.

    ii. Any such statement by any defendant violating this act is an admitted accusation or that individual's superior.

6. Plaintiff acknowledges the statutory privilege and authority of Mayor Richard M. Daley as afforded all duly elected office holders of executive branch of any level of government within the State of Illinois to argue, arbitrate, settle, in any action, in any court, in his own person with counsel present

4

and participating in procedures and that as the duly elected Mayor of the City of Chicago may deny or admit personal knowledge and/or participation in the malfeasant/misfeasant actions of his subordinates, as all members of the executive branch of government are so authorized, therefore Plaintiff herewith submits, combines and includes within this answer;

## DECLATORY AFFIDAVIT OF RICHARD M. DALEY

A. If Mayor Richard M. Daley denies any personal knowledge of his subordinates unlawful actions, Plaintiff has no legal means or process just as no prosecutor or legal entity, has no legal means or mechanism of legal process, to proceed against him.

B. If Mayor Daley admits, and/or fails to deny, personal knowledge and/or personal participation of, or with the unlawful actions of his subordinates, as herein claimed, he is personally, jointly, with all severability, equally liable for all claims made by Plaintiff, and/or any judgments entered on behalf of this Plaintiff.

7. Defendants, through and with their attorneys, filed a **Motion to Dismiss** pursuant to Ch. 735 ILCS 5/2-619.1, using arguments they claim are authorized by Sec. 2-615 and 2-619, pursuant to 619.1, that as a matter of law, rule of law, rules of this Court, this Court must view as equivalent to a motion for summary judgment.

A. The Federal Rules of Civil Procedures are similarly equivalent.

8. Within the context of a motion to dismiss, equivalent to a motion for summary judgment, the party filing said motion to dismiss is prohibited from arguing issues of fact and/or matters of law for being cause for the ruling Court to dismiss the matter the filing party is seeking to dismiss.

A. As is in compliance with the Federal Rules of Civil Procedures.

9. If the party filing the motion to dismiss, within said motion, argues issues and matters of facts or matters of law more properly adjudged by the Court or facts at issue, or of the substantive issues before the court, or facts more properly decided by a jury, that party filing the motion to dismiss has constructively entered a plea of "NO CONTEST", pursuant to the very sections these Respondents argued and filed their motion, (ILCS 2-615; 2-619), that as a matter of law the ruling Court, this Court, must accept Respondent's constructive plea of " No Contest".

A. Federal Law, rules and case law precedent support and agree with this Judicial Instruction.

10. Whether by design or attorney error, these Respondents argue facts at issue, including but not limited to, work guarantee, the existence of a contract, proper rate of pay for trucking work and/or whether or not the alleged contract was breeched or not.

A. Howell argues all MBE's have a guaranteed work percentage of total work, versus Respondent's claim of no guarantee, (par. 21, pg.7) of the motion to dismiss.

B. The City of Chicago argues no contract in their motion v. Plaintiff states footnote #4, page 7 uses the contract tort language reference (....Program Rules, to which Plaintiffs agreed to adhere.) and Howell states such language use is a clear admission of contract existence, and the public record and law and regulatory rules of all MBE program funding requirements is a multi-part contract between all levels of government, including the Federal Government, and this MBE certified Plaintiff.

11. The use of footnote #4 on page 7, of Respondents' Motion to Dismiss is prohibited by law and case law precedent within the context of a motion to dismiss, and that Plaintiff Howell states the use in this motion, by these Respondents and Respondent(s) Attorneys, is face value evidence of a clear and express admission, and confession, by Respondents, that this Plaintiff's claims are with merit and true, and these Respondents have wronged this Plaintiff, and face value admission and confession to having filed their Motion To Dismiss, in a bad faith and contemptuous disregard of Plaintiff's rights, this

5

Court, this Court's Rules and law, and that, such flagrant abuse and disregard of this Court and the Illinois Representative's Professional Code of Conduct may subject Respondents' attorney's to sanctions at this Court's discretion.

12. Respondents' Motion to Dismiss contains issues of law that should only be decided by the trial court including, but not limited to, a Pro Se' litigant, holder of a CDL, may defend his right to work, and/or, enforce contracts regarding his license and trucking business and enforce payment and other guarantees subject to the terms of a trucking contract, and that, no officer of a transportation corporation may defend said corporation in any litigation, (should the court consider a captain of a ship and maritime law?) and in this matter, an officer of this trucking company, Howell Trucking, Ltd., may represent the company, Pro Se', and if not, Plaintiff maintains he may, the court, as a matter of law, must decide that issue, or allow a jury to decide, and that, having raised this issue in their dismissal motion, these Respondents' have mistakenly caused the denial of their motion to dismiss and, as a matter of law, and irrevocably on the record, constructively entered a plea of "No Contest."

   A. As a more extended and subtle matter of law this Plaintiff asks this Court to consider are the inclusion of this issue in their dismissal motion is an unlawful pleading, that denies the supremacy clause of all Federal Law; and the insistent entry of "ignorance of the law defense; Respondents deny the supremacy of "The Uniform Commercial Driver's License Act of 1986", and/or are ignorant of the CDL Act's provisions; Both views, as a rule of law, require this Court to accept a "No Contest" plea from these Respondents, and enter a judgment in favor of this Plaintiff, for all relief sought.

   B. Plaintiff herewith incorporates into this answer, **"MOTION TO CONSOLIDATE CASES"**.

13. Pursuant to both Federal and Illinois laws and rules, any party entering a plea of "No Contest" also waives that party's right to an appeal.

WHEREFORE, PLAINTIFF MOVES THIS COURT TO GRANT THE FOLLOWING RELIEF;

14. Deny Respondents' motion to dismiss and adjudge and decree Respondents, within the context of a motion for summary judgment, have entered a plea of No Contest, waiving all appeal rights, and grant all relief Howell is seeking.

15. Enter a judgment in favor of Howell, and against all Respondents, in the amount of;
    **$28,828,800.00 ACTUAL DAMAGES.**

16. Pursuant to Federal Law, or as required by modification of the 1995 Tariff, for bad faith violation of a trucking contract and non-payment of good faith cartage work performed, Plaintiff moves this Court apply the bad faith doubler to actual damages for; **$57,657,600.00 ACTUAL DAMAGES.**

17. Apply the Illinois Bad Faith trebler to actual damages; **$86,486,400.00 ACTUAL DAMAGES,** in the alternative, apply both to actual damages; **$172,972,800.00 ACTUAL DAMAGES.**

18. Enter a judgment in all severability, jointly, personally and with equal liability against all Respondents, and in favor of Howell for compensatory/statutory damages for the amount not less than; **$1,954,000.00 COMPENSATORY/STATUTORY DAMAGES;** but not more than the amount of **$76,550,000.00 COMPENSATORY/STATUTORY DAMAGES.**

19. Adjudge and decree that Defendants have abused governmental positions, unlawfully obtained governmental funds, unlawfully disbursed and commingled said funds with city, personal and third party assets in violation of **"THE ANTI- GOVERNMENTAL WASTE, FRAUD, ABUSE AND WHISTLEBLOWER'S PROTECTION ACT"** and that, this Plaintiff is entitled to **(21%), Twenty-one Percent,** of all MBE recovered, or recoverable governmental funds subject to this court's assessment of damages and percentage due.

6

20. Adjudge and decree that Defendant Paul Volpe in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and as the judgment amount is herein plead, and is combined with #18 and #19 of this answer as part of relief sought.

21. Adjudge and decree that Defendant Tom Kness in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and the judgment amount is herein plead, and is combined with #18 and #19 of this answer as part of relief sought.

22. Adjudge and decree, in the form of a "John Doe order and warrant", against all third party and/or parties unknown, that have obtained governmental funds in cooperation with Kness and Volpe, in violation of the "Anti- Governmental Waste, Fraud, Abuse and Whistleblowers Protection Act", and the civil provisions of "The Rico Act and the Illinois Anti-Racketeering Act", trust law, escrow law, and commingling provisions thereto.

    A. And the accountants and attorneys that act and/or acted on behalf of the third party or parties.

    i. Enter judgment against the professional errors and omissions, and/or, the legal malpractice specialty insurance carriers of all.

23. Enter a judgment against Mayor Richard M. Daley as a person in his own right, with all severability, jointly and as an officer of the municipal corporation of the City of Chicago, with equal liability, conditioned by and if and only if Mayor Daley admits, and/or fails to expressly deny his personal knowledge and/or personal participation in the malfeasance/misfeasance actions of his subordinates, Kness and Volpe.

24. To determine and adjudge if the contemptuous pleadings filed by the Respondents rises to the level that would cause this Court to apply the bad faith, contempt quintupling rule of the Illinois Court Rules and Procedure.

    i. At the Court's discretion said rule authorize sanctions be entered against Respondents attorneys.

25. Enter and decree Respondents have entered a constructive plea of "No Contest" and thereby waive all appeal rights.

26. Grant and affirm Plaintiffs Motion to Consolidate, (Ex. Post Facto.)

27. Enter all decrees and adjudgments and determinations with acknowledgement of concurrent reciprocal jurisdictional statues for ratification, after removal, by the US District Court in Chicago, Illinois.

Wherefore Plaintiff affiant not sayeth further.

                Sworn and certified to be true,

_____

Pro Se Plaintiff John Howell d/b/a Howell Trucking Ltd.
8027 S. Yates     P.O Box 1294
Chicago, IL 60626    Frankfort, IL 60423
(708) 296-3459

COUNTY DEPARTMENT - CHANCERY DIVISION

*Hunter et al.*

)
)
)
)
)
)

vs.

*City of Chicago, et al.*

No. 07 CH 26140

## ORDER TO SET HEARING & BRIEFING SCHEDULE

THIS CAUSE coming before the Court on Plaintiffs/Defendant's motion for:   ~~to~~ Dismiss

IT IS ORDERED THAT:

1.   Movant's Memorandum shall be filed on/or before _____, 2008.

2.   Respondent's Response shall be filed on/or before _____ 24 , 2008.

3.   Movant's Reply shall be filed on/or before _____ 7 _____, 2008.

4.   Movant must furnish the Court with courtesy copies of all pleadings on the status hearing date including Plaintiffs complaint and relevant supporting documents Defendant's answer and all Federal & non-Illinois cases cited therein.

5.   This matter is set for status on _____ 11 _____ 2008 at 9:30 a.m. at which time courtesy copies are to be tendered to the court and a hearing date for said motion will be set.

6.   **NO SUPPLEMENTAL BRIEFS OF CITATIONS FILED WITHOUT LEAVE OF COURT.**

7.   No Continuance of any of the above dates will be granted without leave of court.

8.   There is a *strict 15 page limit* on all filings.

Lack of compliance with any of the above may result in either striking or ruling on the motion without a hearing, as applicable.

Name: _____

Bar Code: _____

Attorney for: _____

Address: _____

City: _____

Phone Number: _____

DATE _____

ENTERED
JUDGE LEROY K. MARTIN JR. 1844

DEC __ 2007

ENTERED

JUDGE LEROY K. MARTIN JR.